**UNITED STATES of America**

v.

**Sean WALTERS a/k/a Lloyd Patrick Howell**

**Sean Walters, Appellant**

**No. 00–3576.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 9, 2002.

Filed Sept. 17, 2002.

Before SLOVITER, RENDELL, and FUENTES Circuit Judges.

### OPINION OF THE COURT

SLOVITER, Circuit Judge.

Sean Walters, a Jamaican citizen, was deported from the United States in 1997 following a criminal conviction in New York. On August 31, 1998, Walters attempted to reenter the United States at the Philadelphia International Airport under a different name. He later admitted his true identity and that he had been deported. Walters was charged with unlawful reentry after deportation by an aggravated felon in violation of 8 U.S.C. § 1326. On November 20, 1998, he pled guilty to the charge.

Walters filed a motion for a downward departure from the range imposed by the Sentencing Guidelines. At the sentencing hearing, his attorney argued that several factors warranted a downward departure, including the likelihood that Walters' family would relocate to Jamaica upon his release from prison, the difficulties that Walters' wife would have while Walters was in prison and the fact that Walters' sadness after his father's death caused him to try to reenter the United States. Counsel also stated that Walters had requested that he ask the sentencing court to consider the fact that as an illegal alien, he will not get the benefits that other prisoners receive, such as a transfer to a halfway house. Counsel further stated, however, that he understood that most courts of appeals have ruled that a person cannot benefit from his alien status in connection with an illegal reentry.

The sentencing court found that none of the factors raised by counsel singly, or in the aggregate, rose to the level of such extraordinariness as to warrant a downward departure. It denied Walters' motion and imposed a sentence of forty-six months imprisonment and two years of supervised release.

Walters then filed a Motion to Vacate and/or Correct Sentence. In the motion, counsel stated that he misspoke at the sentencing hearing as to whether Walters' status as a deportable alien provided a basis for departure from the Sentencing Guidelines. Counsel believed that he had represented that this court had ruled that a departure on this basis was prohibited when in fact, this court has not ruled on the issue. Counsel asked the District Court to vacate Walters' sentence if it would have been inclined to depart downward based upon the likely increased severity in the implementation of Walters' sentence that results from his status as a deportable alien.

The District Court denied Walters' motion. It stated that it is not convinced that

Walters' status as a deportable alien warrants a downward departure in his sentence. Walters appealed the denial of the motion.[1] This court stayed the appeal pending a determination by the District Court as to whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). On remand, the District Court granted a certificate of appealability on the issue of whether Walters' status as a deportable alien authorizes the sentencing court to grant a downward departure in his sentence.

The Government argues that this court lacks jurisdiction over this appeal because, among other things, the District Court improvidently granted a certificate of appealability under *United States v. Cepero*, 224 F.3d 256 (3d Cir.2000) (en banc). In *Cepero*, the district court issued a certificate of appealability where the petitioner alleged that the sentencing court erred in enhancing his sentence under the Sentencing Guidelines. We held that a certificate of appealability in a case brought under 28 U.S.C. § 2253(c)(2) may issue, in the literal language of the statute, "only if the applicant has made a substantial showing of the denial of a constitutional right." 224 F.3d at 267. Because the allegation that the sentencing court misapplied the Sentencing Guidelines did not present a constitutional issue, we granted the government's motion to dismiss the appeal for lack of subject-matter jurisdiction.

The present case differs somewhat from *Cepero* in that the issue raised does not concern a misapplication of the guidelines but a legal issue regarding a court's authority to grant a downward departure. Nonetheless, the issue is not one of constitutional dimensions. As we stated in Cepero, § 2255 motions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. 224 F.3d at 267. Accordingly, we will dismiss this appeal for lack of jurisdiction.[2]

1. Walters, however, did not appeal the District Court's judgment of sentence.

2. Since we find that we lack jurisdiction on this basis, we need not address the Government's other arguments. We note that Walters' newly–appointed counsel aptly recognizes that the issue stated in the District Court's order does not present a constitutional issue. He assumes that because the District Court granted a certificate of appealability, it had concluded that Walters' counsel violated his constitutional rights by failing to provide effective assistance at sentencing. The District Court's order, however, does not suggest that it granted a certificate of appealability because counsel was ineffective, and we note that were we able to reach the issue we would not find Walters' argument persuasive. Finally, we appreciate Walters' counsel's efforts in advising the court of other potential issues in this case. As counsel acknowledges, these issues are not properly before us.